**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JUAN GARCIA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**C/O GRAY,**<br><br>**Defendant.** | **Case No. 26-cv-00655-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Juan Gracia, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that on March 9, 2026, he went to shower, and the ADA shower was not functioning properly. (Doc. 1, p. 1-2). Plaintiff asked Correctional Officer Gray to take him to another wing or the healthcare unit so that he could shower in an ADA shower. Gray refused his request. (*Id.*).

## DISCUSSION

Plaintiff has failed to state a claim for a constitutional deprivation or under federal statute against Correctional Officer Gray. Being denied a shower on one occasion does rise to the level of a constitutional violation. Additionally, Plaintiff cannot proceed with a claim against Gray under the Americans with Disabilities Act (ADA) because individuals "cannot be liable under the ADA." *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). For these reasons, any constitutional or ADA claim against Gray is dismissed.

Because Plaintiff has failed to state a claim against Defendant Gray, the Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed in its entirety. Generally, the Court freely grants leave to amend for pro se litigants. It is convinced, however, after reviewing the Complaint that Plaintiff will not be able to present a valid claim premised on the events that transpired and the facts he has presented to the Court regarding the denial of a shower on March 9, 2026. *See e.g., Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *Owens v. Hinsley*, 635 F.3d 950, 956 (7th Cir. 2011). Accordingly, the Complaint will be dismissed with prejudice, and this case closed.

## DISPOSITION

For the reasons stated above, the Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty

days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 23, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**